James V. Lawrence, as Surviving Partner of the Firm of Lawrence Bros., Respondent, *v.* The Congregational Church of Greenfield, L. I., Appellant.

1. Assignment of Mechanic's Lien — Counterclaim or Set-off Available against Assignee — Effect of New Contract between Owner and Assignor. An owner, who, after the termination of the original building contract without the fault of the builder, and after the latter had commenced an action to foreclose his mechanic's lien and had assigned the lien and cause of action, but without knowledge of the assignment, entered into a new contract with the assignor with reference to the same subject-matter, is not entitled to set off against the assignee any damages arising out of the assignor's failure to perform the new contract, but is entitled to set off whatever he actually paid to the assignor, upon the assigned claim, after the assignment, in good faith and without notice.

2. Waiver of Defect of Parties. A defect of parties to an action by an assignee of a mechanic's lien to foreclose the same, arising from the failure to join a prior assignee, to whose assignment plaintiff's assignment was expressly subject, is waived where the attention of the trial court is not in any manner or form directed to the point at the trial.

3. Appeal — Right to Attack Finding of Fact after Unanimous Affirmance. Findings of fact by the trial court which have been unanimously affirmed by the Appellate Division cannot be questioned in the Court of Appeals as against evidence or without evidence.

4. Action by Assignee of Claim Assigned as Collateral Security — State of Accounts — Burden of Proof. The assignee of a claim under a written assignment which vests the legal title in him, though as security for a debt, is not bound in an action against the debtor to prove the existence of a debt from the assignor to himself, as the state of accounts between the assignor and assignee does not concern the defendant, or, if it does, the burden is upon him to prove such a state of facts as would render the assignment inoperative or reinvest the assignor in equity with the beneficial ownership of the claim.

5. Order Substituting Assignee as Plaintiff — Effect as an Adjudication of Right to Prosecute the Action. An order, made upon notice to defendant, substituting the assignee of a claim under an assignment as collateral security as plaintiff in place of the assignor is, in effect, an adjudication that the assignee has such an interest in the claim under the assignment as entitles him to prosecute the action.

*Lawrence* v. *Congregational Church,* 32 App. Div. 489, affirmed.

(Argued June 12, 1900 ; decided October 2, 1900.)

APPEAL from a judgment of the Appellate Divison of the Supreme Court in the second judicial department, entered July 26,. 1898, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Francis E. Dana* for appellant. There is a defect of parties. (*Hood* v. *Hood,* 85 N. Y. 561; *Muir* v. *Schenck,* 3 Hill, 228; *Bradley* v. *Root,* 5 Paige, 632.) The plaintiffs gave no notice to the defendant of the assignment to them of the lien or cause of action, and are bound by the subsequent acts and dealings between the defendants and Mortenson relative thereto. (Code Civ. Pro. § 1909; *Finch* v. *Parker,* 49 N. Y. 1; *Van Keuren* v. *Corkins,* 66 N. Y. 77; L. 1897, ch. 418, § 14; *Crouch* v. *Muller,* 141 N. Y. 495; *Newman* v. *Levy,* 84 Hun, 478; *Deach* v. *Perry,* 6 N. Y. Supp. 940; *Rapp* v. *Gottlieb,* 142 N. Y. 164; *Bush* v. *Lathrop,* 22 N. Y. 535; *Faulknor* v. *Swart,* 55 Hun, 261; *Huntington* v. *Potter,* 32 Barb. 300; *Conselyea* v. *Blanchard,* 103 N. Y. 222.) The contract made March 7, 1895, between Mortenson and the church was a compromise and settlement of the matters in dispute between them and by reason of Mortenson's failure to comply with its terms a defense arose in favor of defendant against Mortenson and good against his assignee before notice. (*Crane* v. *Knubel,* 61 N. Y. 645; *Lewis* v. *Tregel,* 71 Hun, 337; *Oberlies* v. *Bullinger,* 75 Hun, 248; *Fitzgerald* v. *Moran,* 141 N. Y. 419; Code Civ. Pro. § 1909; *Finch* v. *Parker,* 49 N. Y. 1.) The court below treated this as a counterclaim only and ignored the fact that it was a defense. (*Beckwith* v. *Union Bank,* 9 N. Y. 211; *Huntington* v. *Parker,* 32 Barb. 300; *Myers* v. *Davis,* 22 N. Y. 489; *Muir* v. *Schenck,* 3 Hill, 228.)

*Ralph E. Prime, Jr.,* for respondent. There was no defect in necessary parties to the action. (*Hilton* v. *Ernst,* 161 N. Y. 226; *Griffey* v. *N. Y. C. Ins. Co.,* 100 N. Y. 417; *Allen* v. *Brown,* 44 N. Y. 228; *Lang* v. *E. F. Ins. Co.,* 12

App. Div. 39; *Griswold* v. *Caldwell*, 14 Misc. Rep. 299; *Peck* v. *Yorke*, 75 N. Y. 421; *Burlingame* v. *Parce*, 12 Hun, 149; *Tracey* v. *Hammond Co.*, 5 App. Div. 39; *Ridgeway* v. *Bacon*, 72 Hun, 211; *Hoogland* v. *Trask*, 6 Robt. 540; *Lawler* v. *Nat. Life Assn.*, 83 Hun, 393.) Respondent is not bound by the terms of the supplemental contract of March 7, 1895, between Mortenson and the defendant, so far as it purports to affect the claim and lien in suit. (*Grant* v. *Holden*, 1 E. D. Smith, 545.) The supplemental contract of March 7, 1895, was in no sense a settlement of any existing controversy, nor was it in law or in fact an accord and satisfaction. (*Kromer* v. *Heim*, 75 N. Y. 574; *Russell* v. *Lytle*, 6 Wend. 390; *Hawley* v. *Foote*, 19 Wend. 516; *Brooklyn Bank* v. *De Grauw*, 23 Wend. 342; *Tilton* v. *Alcott*, 16 Barb. 598.) The offset or counterclaim for damages for breach of the new agreement, which is pleaded, but of which not a scintilla of evidence was offered, and which the trial court has found was not proved — even if proved could not be allowed in this case as against the respondent. (*Newburger* v. *M. Mfg. Co.*, 10 Daly, 275; *Fera* v. *Wickham*, 135 N. Y. 223; *Taylor* v. *Mayor, etc.*, 82 N. Y. 10; *Myers* v. *Davis*, 22 N. Y. 489; *Patterson* v. *Patterson*, 59 N. Y. 574; *Jordan* v. *Nat. Bank*, 74 N. Y. 467.)

O'BRIEN, J. This was an action to foreclose a mechanic's lien. The plaintiff is neither the contractor, mechanic or materialman, but an assignee of the claim. Judgment was given for the plaintiff at the trial and affirmed on appeal.

The learned counsel for the defendant has presented several grounds for a reversal, but the principal one relates to certain equities which he claims existed in favor of the church against the plaintiff's assignor at the time of the assignment and which are equally available against the plaintiff in his action. This contention, however, will be answered by a statement of the facts found and which are somewhat complicated.

On July 15th, 1891, one Mortenson entered into a contract with the defendant to construct a church edifice for $7,300,

to be completed on November 15th next thereafter. It seems that the building was not completed at this date, but that fact is not material, since the contractor continued the work after that date without objection, and the omission in this respect, if any, was presumptively waived. The contractor was proceeding with the work when, on January 14th, 1892, by a written agreement with the defendant the work was suspended on account of proceedings by the municipal authorities to open a street, which, if perfected, would require the building to be removed. The contract was thus practically terminated without any fault on the part of the contractor. It is found that there was then due and unpaid to the contractor upon the contract $1,361. On May 10th, 1892, the contractor filed a notice of lien for the sum claimed to be due, and about a year thereafter, May 9th, 1893, he brought this action to foreclose the lien. On the 15th of December, 1894, the contractor assigned the claim, lien and cause of action to the plaintiff, subject to a prior assignment to one Niles Johnson. This paper vested the title to the claim in the plaintiff, and there were then no equities growing out of the contract which the defendant could assert against the claim. The work having been suspended by mutual agreement, on account of the street opening proceedings, the contractor was entitled to recover what had been earned on the contract, and this claim passed to the plaintiff. On March 7th, 1895, the same contractor entered into a new contract with the defendant to complete the building, for it seems that the cloud created by the street opening proceedings had in some way passed away or had been removed.

This was an independent arrangement between the defendant and the contractor after the latter had transferred the present claim to the plaintiff, and, although the church had no notice of the assignment, yet it could not by any new agreement with the contractor affect the plaintiff's rights as assignee. In this agreement it was stipulated that the lien in question was not to be affected thereby, but that no further proceedings to foreclose were to be had, and upon receiving payment

upon the new contract the contractor was to discharge the lien in question. The contractor failed to complete the building or to perform the new contract, though he did considerable work and received some of the payments therein stipulated. It is found that the money thus received exceeded the value of the work performed by the sum of $235.95, and this sum was applied to diminish the amount of the lien in this action.

'The failure of the contractor to perform the last or new contract in full is the main or principal equity urged in behalf of the defendant to defeat the plaintiff's claim under the assignment. It will be seen that this claim against the contractor and assignor arose long after the assignment. Whatever claim accrued to the defendant under the last contract was not available as a counterclaim or set-off in this action. It not only accrued after the assignment, but after the commencement of the action. It certainly did not exist at the time of the assignment, and could not have been enforced against the contractor or assignor while the contract belonged to him. (Code, §§ 501, 502.)

This is not a case where the defendant has, without notice of the assignment, made payments in good faith to the assignor upon the assigned demand, but where a new and independent executory contract was entered into. When the defendant was allowed in this action for such sums as it paid on the new contract in excess of the value of the work performed by the contractor, it was awarded as large a measure of relief as it was entitled to. A party who takes an assignment of a claim or cause of action like this takes it subject to all equities or defenses existing between the original parties at the time of the assignment; but it does not follow that he takes it subject to any equity that may subsequently arise between them upon new and independent contracts, though they may relate to the same subject-matter. Whatever the defendant actually paid to the contractor upon this claim after the assignment, in good faith, and without notice, stands upon a different ground, and hence should be allowed, and was allowed. But the damages sustained by the defendant, if any, from failure to perform the

new contract, cannot be urged as a defense to the plaintiff's claim.

There are some other points urged in support of the appeal which may be entitled to a brief notice. (1) It is claimed that since the plaintiff's assignment was, upon its face, expressly subject to a prior one to Niles Johnson, the latter was a necessary party, and that defense has been pleaded. It may be conceded that there was in this respect a defect of parties, but the attention of the court was not in any manner or form directed to the point at the trial. No ruling was asked and the point was not even referred to in the motion for a nonsuit. The defect, if any, was, therefore, as effectually waived as if the defendant had omitted to plead it. (2) The contention is made that the notice of lien was not filed in time, but the trial court found that it was, and inasmuch as all the findings were unanimously affirmed on appeal, it is not open to the defendant to question any of them in this court as against evidence or without evidence. They must be taken as conclusive on the facts. It is quite true that if we compute the time from the date of the written agreement to suspend this work to the date of the filing of the notice, more than ninety days had elapsed; but there was some proof given to show that subsequent to the agreement the contractor did some things in and about the building which we may assume were necessary for its preservation in its unfinished state, or were the result of a tacit agreement between the parties. The dates referred to were not conclusive upon the trial court, and, in any event, in the present condition of the record, we are not permitted to inquire into the process by means of which the court arrived at the conclusion of fact that the notice was filed in time. (3) The point is also made that the assignment to the plaintiff by the contractor was as security for a debt, and that no proof of the existence of any debt was given by the plaintiff at the trial. The answer to that contention is that the plaintiff produced a written instrument which vested in him the legal title to the claim and cause of action. The state of the account between the plaintiff and his assignor did not concern the

defendant, or if it did, then the burden was upon it to estab-
lish such a state of facts as would render the assignment
inoperative or reinvest the contractor in equity with the bene-
ficial ownership of the claim. The defendant had notice of
the assignment to plaintiff at least as early as November, 1896,
since a motion was then made to substitute the plaintiff as
owner of the claim in place of the contractor in whose name
the action was originally brought. That order was made upon
notice to the defendant and a hearing, and in effect was an
adjudication of the fact that the plaintiff had such an interest
in the claim under the assignment as entitled him to prosecute
the action.

The argument of defendant's counsel is directed largely
against facts found and which are to be accepted by this court
as conclusive, or is based upon facts not found and which are
conclusively negatived by the effect of the unanimous decision.

This view of the case leads to the conclusion that the record
does not present any error of law that would warrant this
court in interfering with the judgment, and it must, there-
fore, be affirmed, with costs.

PARKER, Ch. J., BARTLETT, HAIGHT, VANN and LANDON,
JJ., concur; CULLEN, J., not sitting.

Judgment affirmed.