## ISAIAH H. WILEY *vs.* JOHN W. CONNELLY.

### Bristol.    April 3, 1901. — June 18, 1901.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Mechanic's Lien*, Assignable, When created, How discharged.    *Assignment.    Contract*, Common counts.

A mechanic's lien, under Pub. Sts. c. 191, is assignable and passes with an assignment of the debt which it secures.

A mechanic's lien under Pub. Sts. c. 191, is created as soon as the labor is performed.   The filing of the certificate required by § 6 is not necessary to create the lien.   It merely keeps it alive and prevents its dissolution.

M., having a mechanic's lien upon certain real estate of Y. and no claim against Y. other than the debt secured by the lien, executed an assignment to the plaintiff of all his claims against Y. and all his interest in any suits to enforce such demands.   Later M. made a general assignment to the defendant for the benefit of creditors, informing the defendant of his assignment to the plaintiff.   Thereafter Y. paid the amount of the debt secured by the lien to the defendant, and the plaintiff sued the defendant for money had and received.   *Held*, that the payment by Y. to the defendant discharged the lien, that the defendant received the money with notice of the plaintiff's claim, and that under St. 1897, c. 402, the plaintiff could recover the amount in an action in his own name for money had and received.

CONTRACT for $57.79 had and received by the defendant to the plaintiff's use, paid in discharge of a mechanic's lien upon certain real estate of one Yates, the lien being the property of the plaintiff by assignment from one McKenna.   Writ, in the Second District Court of Bristol in the city of Fall River, dated December 15, 1899.

The case, coming by appeal to the Superior Court, was there heard upon an agreed statement of facts by *Pierce*, J., without a jury.

The agreed facts were as follows: That on November 14, 1898, one McKenna had a valid claim of mechanic's lien upon the realty of one Yates, and had no other claim against Yates; that for a valuable consideration on November 14, 1898, McKenna executed and delivered to the plaintiff the following instrument:

" For and in consideration of one dollar and other considerations I hereby assign, transfer and set over to I. H. Wiley of

Boston, Massachusetts, all my claims and demands of whatsoever name or nature against Thomas Chesworth and against Samuel Yates, both of said Fall River, together with all my interest in and to any and all suits and actions now pending to enforce said demands. And I hereby appoint said Wiley my attorney irrevocable in the premises, generally to say and to do all that I might or could if personally present. In witness whereof, I have hereto set my hand and seal, this fourteenth day of November, 1898. Frank T. McKenna. (L. S.) Witness, Charles E. Read, Jr."

That the Yates named in the foregoing instrument was the same Yates against whose realty McKenna had his lien; that on November 16, 1898, McKenna made an assignment to the defendant for the benefit of his creditors; that on November 15, 1898, a statement of the lien was executed by McKenna, and on November 16, 1898, was filed in the proper registry of deeds.

The statement was as follows: " I hereby certify that the following is a just and true account, with all just credits given, of the amount due me for labor performed and furnished in the painting during erection of a building situated on a lot of land in Fall River in said Commonwealth, which lot is described as follows: [Description] said lot of land being owned, to the best of my knowledge and belief, by Samuel Yates. [Account against Yates with eight items amounting in all to $57.79.] I further certify that I ceased to furnish labor on said building on the seventeenth day of October, 1898, and that Thomas F. McNulty and Frank W. Hoag, copartners as McNulty & Hoag agreed by and with the consent of Samuel Yates to pay the said Frank T. McKenna $140 to paint the said building and I hereby claim a lien upon said building and upon the interest of the owner thereof in the lot of land upon which the same is situated, to secure the payment of the debt due me as aforesaid, and of the costs which may arise in enforcing said lien. Frank T. McKenna."

That in the drawing and filing of the foregoing statement the defendant, who is an attorney at law, acted as McKenna's counsel; but that he never discharged the lien of record or otherwise, even after the payment hereafter mentioned; that on December 16, 1898, Yates paid to the defendant as assignee for the benefit of creditors $57.79, which was the full amount of the claim of lien;

that the defendant had been informed by McKenna before accepting the payment that the assignment of November 14, 1898, to the plaintiff had been executed and delivered, but he had never seen the instrument before the money was paid, and did not know its exact contents. The plaintiff claimed under the assignment of November 14, 1898.

The court was to find such facts and draw such inferences as might be deemed proper from the foregoing agreed statement, and to enter such judgment as the law might require.

The defendant requested the following rulings: 1. The plaintiff is not entitled to recover. 2. The plaintiff's assignment from McKenna did not give him any rights to the mechanic's lien of *McKenna* v. *Yates*. 3. If the defendant's assignment for the benefit of creditors did not authorize him to receive the money paid him by Yates, then the payment of such money by Yates was not a discharge, and the plaintiff under the facts stated could, through McKenna, prosecute the lien. 4. There is no express or implied promise of the defendant to the plaintiff on the facts stated to pay the sum claimed. 5. The defendant cannot apply the money received by him in any other way than his assignment states. 6. The mechanic's lien of *McKenna* v. *Yates* was not assignable, but even if it was assignable, the plaintiff as such assignee could not recover in his own name in this action. 7. The court should enter judgment for the defendant.

The judge refused to rule as requested by the defendant, and made the following findings and rulings: "Upon the agreed facts and drawing such inferences as may be drawn from said facts I find that the instrument marked 'A' [the assignment of November 14, 1898, from McKenna to the plaintiff] operated to assign to the plaintiff the debt due and unpaid from Thomas F. McNulty and Frank W. Hoag to Frank T. McKenna and carried with it the right to maintain an action in the name of said McKenna to enforce said lien against the real estate of said Samuel Yates. I find that said Yates paid to said John W. Connelly in ignorance of the assignment to the plaintiff, and in good faith, the amount of money chargeable, by virtue of said lien upon his real estate and that by reason of said payment his estate was relieved and discharged therefrom. I find that John

W. Connelly, the defendant, by reason of the fact that he was an assignee solely for the benefit of creditors and because he had knowledge of the prior assignment of the lien debt received the lien debt from Samuel Yates under a trust for the benefit of the plaintiff, and that an action for money had and received to the use of the plaintiff is an appropriate remedy for the recovery thereof. I refuse to make any of the rulings requested by the defendant."

The judge found for the plaintiff in the sum of $64.32; and the defendant alleged exceptions.

*H. A. Dubuque,* for the defendant.

*F. A. Pease,* for the plaintiff.

MORTON, J. This is an action for money had and received. The case was heard by the court without a jury on an agreed statement of facts which gave the court power to draw inferences of fact. There was a finding for the plaintiff, and the case is here on the defendant's exceptions to the refusal of the court to give certain rulings that were asked for and to the rulings that were given.

The plaintiff claims under an assignment executed and delivered to him November 14, 1898, by one McKenna of all the claims and demands which he had against one Yates. It is agreed that on that day McKenna had a valid claim of mechanic's lien on the real estate of Yates. On November 16 McKenna duly filed in the registry of deeds a statement of said lien. The defendant claims under an assignment made to him on November 16 by said McKenna for the benefit of his creditors. On December 16 Yates paid to the defendant as assignee the amount of the lien. The judge found that the payment was made in good faith by Yates and in ignorance of the assignment to the defendant and found or ruled that it discharged the lien. The defendant who is an attorney at law drew and filed the statement of lien for McKenna, and was told by McKenna before accepting the payment from Yates that he had made the assignment to the plaintiff. But the defendant had never seen the instrument before the money was paid and did not know its exact contents. The statement of lien, a copy of which was annexed to the agreed statement of facts, set out in substance that McKenna furnished labor on a building belonging to Yates

by virtue of an agreement made by him with the consent of Yates with a firm by the name of McNulty and Hoag. The judge found that the assignment from McKenna to the plaintiff operated to assign the debt due McKenna from McNulty and Hoag and carried with it a right to maintain an action in the name of McKenna to enforce the lien against the real estate of Yates. The judge also found that by reason of his knowledge of the prior assignment to the plaintiff, and by reason of the fact that he was assignee solely for the benefit of creditors, the defendant received the money that was paid him by Yates in trust for the benefit of the plaintiff and ruled that the plaintiff could maintain an action for money had and received to recover it.

So far as the above rulings and findings relate to matters of fact they are not open to revision here. So far as they relate to matters of law we see no error in them. The assignment from McKenna to the plaintiff manifestly transferred to the plaintiff what was due McKenna from McNulty and Hoag and the right to enforce the lien in McKenna's name passed with the debt. The objection that there was no lien and that it could not be transferred is not well taken. The lien was created as soon as the labor was performed or furnished. *Clifton* v. *Foster*, 103 Mass. 233. The filing of the certificate was not necessary in order to create the lien. It simply kept the lien alive and prevented its dissolution so that proceedings could be taken to enforce it. *Clifton* v. *Foster, ubi supra.* We see nothing in the nature of a mechanic's lien which renders it unassignable, and there is nothing in the statutes creating such liens which forbids the assignment of them. The lien is intended as a security for those performing or furnishing labor or material or both, on real estate, and we see no reason why it should not pass with an assignment of the debt which it secures. See *Moore* v. *Dugan, ante,* 153; *Williams* v. *Weinbaum,* 178 Mass. 238; *Davis* v. *Bilsland,* 18 Wall. 659; *Murphy* v. *Adams,* 71 Maine, 113; *Phillips* v. *Vose,* 81 Maine, 134; *Chicago & Northeastern Railroad* v. *Sturgis,* 44 Mich. 538; *Midland Railway* v. *Wilcox,* 122 Ind. 84; *Hallahan* v. *Herbert,* 57 N. Y. 409; *Lawrence* v. *Congregational Church of Greenfield,* 164 N. Y. 115. It differs, we think, from a factor's lien or the lien which a mechanic has at common law on

a chattel for work and materials, and from other liens at common law on chattels. The latter kind of lien is as stated by Shaw, C. J., in *Doane* v. *Russell*, 3 Gray, 382, 384, a "personal right to detain" and not an interest in the property as a mechanic's lien under the statute is. For a collection of cases regarding the assignability of mechanics' liens, see 15 Am. & Eng. Encyc. of Law, (1st ed.) 102. If it is possible that the plaintiff might have availed himself of the mechanic's lien if he had so elected, which we do not intimate, he has not done so, and, under the circumstances, we think that the ruling by the court, that the payment by Yates to the defendant discharged the lien, was correct. The defendant received the money with notice of a prior assignment of the claim to the plaintiff, and we think that under St. 1897, c. 402, the plaintiff can maintain an action therefor in his own name. The fact that the defendant may have received it as assignee for the creditors cannot defeat the plaintiff's prior right. The money belongs to the plaintiff *ex æquo et bono*, and can be recovered in this form of action. *Goreley* v. *Butler*, 147 Mass. 8. *Hall* v. *Marston*, 17 Mass. 575. *Mason* v. *Waite*, 17 Mass. 560.

*Exceptions overruled.*