Hammer, J.
(dissenting). I dissent and vote for affirmance. In supplementary proceedings Case & Smith, general creditors on a judgment [of the Municipal Court of the City of New York] for $262.23 obtained November 18,1940 against Paul Panzarella, on June 14, 1941 served a subpoena with restraint against transfer upon one Drago, a third party [Civ. Prac. Act, § 781]. As owner he was improving his real property through contractors Panzarella So Son, a partnership of which Paul Panzarella was the principal partner. Anderson Brick So Supply Co., Inc., furnished materials which were used in the improvement and on June 12, 1941, within the statutory time to file notice of mechanic’s lien, obtained from the partnership contractors an order for $277 drawn upon Drago, the owner. The order was filed with the County Clerk on June 17, 1941. The materials supplied by Anderson amounted to $217.13 of which $4.26 was New York City sales tax, and the balance was an old debt. Drago testified the amount in his hands is $240.72.
In the supplementary proceeding Anderson intervened and demanded payment from Drago by service of the order. Appellants assert they are entitled to the moneys under their judgment and the subpoena.
The Lien Law was enacted to and it does protect mechanics and materialmen who created the improvement by their labor and supplies against the diversion thereof or of funds available to pay therefor, to other preferred or general creditors even with judgments. The improvement and any funds available for payment thereof in the hands of the owner are not funds or property of the judgment debtor. In fact he is an individual and the contractors are a partnership. Any such moneys owed on the contract and not paid to the contractor are trust funds applicable for payment to such mechanics and materialmen which the owner may retain and on notice is required to retain until by payment the improvement is kept free from mechanics ’ liens. In any event in the most favorable aspect from the viewpoint of the judgment creditors, it cannot be held as matter of law that they are entitled by virtue of the service of the subpoena in supplementary ptroceedingis on the third-fparty owner to the funds in the latter’s hands. If a question of fact is presented and cannot be determined in supplementary proceedings, it should be relegated for that purpose to a plenary *856 action with all those interested as parties. Bnt the contractor’s order was before the court and has been filed. Presumptively, at least, therefore it may be regarded as valid and appellants were required to but did not show invalidity and the court below seems to have been warranted in making the order in favor of Anderson Brick & Supply Co., Inc. The authorities cited are not applicable to the facts here and should be confined to the facts there.
The general rule in reference to the assignment of a chose in action consisting of a debt due from a third person, seems to be that no notice, actual or constructive is necessary to perfect the rights of the assignee. (Lawrence v. Congregational Church, 32 App. Div. 489, affd. 164 N. Y. 115.) The decision in Edison Elec. Illuminating Co. of Brooklyn v. Frick Co. (221 N. Y. 1), as I read it, held an assignment not filed in accordance with section 15 of the Lien Law could only be defeated as invalid by those with valid assignments or liens or entitled to file notice of lien against the improved property and not by an attaching general creditor even with judgment. If that decision controls the order here which is in effect an assignment (Hirshfield v. Ludwig, 69 Hun 554; Lauer v. Bunn, 115 N. Y. 405) was valid as against the appellant without being filed. But it was filed within the required 10-day period and its validity thereupon became assured. Section 15 was amended in 1929 after the Edison decision but no specific provision has been added under which general creditors are afforded the right to attack an order, assignment or lien as invalid under the section and the Edison case held such right was given only to the classes such as mechanics and materialmen preferred by the Lien Law. The purpose seems to be to render the improved property or available fund exclusively applicable during the time fixed for filing liens for the payment of those whose labor and materials created the improvement. Resorting to a portion of the Edison decision, it can be said that the general language previously in the section with that added ‘ ‘ is broad enough to sustain [appellants’] claim that it protects them, for there is therein no specification or limitation of the persons who may take advantage of it and defeat an assignment as invalid because it has not been filed” (p. 5). But the Edison case then went on to consider the origin and purpose of the entire statute and that of the provisions of section 15 and held it was enacted solely for the benefit of those classes protected by the statute and did not entitle others to question the assignment which was declared valid. The Legislature had the decision in mind when the amendment was enacted and used general *857 language in respect of invalidity of the assignment unless filed as required and did not use specific language indicating that the right to question the validity was extended to others than the classes which the decision held were alone given that right. It is my opinion therefore that the Legislature did not intend to change the effect of the Edison decision and that it is still applicable and controlling. (Cf. Matter of Corbin-Kellogg Agency v. Tasker, 248 App. Div. 58; Amiesite Constr. Corp. v. Luciano Contr. & Bldg. Co., 284 N. Y. 223.) In the latter case, decided in November, 1940, an assignment for moneys advanced to the contractor to enable it to perform the contract was held to constitute a valid common-law assignment good against attack by a general creditor although it was not filed and did not contain a clause as required by subdivision (5) of section 25 of the Lien Law.
The majority decision would require the owner to turn over money which is claimed to be due the contractor to the latter’s general creditor. But section 36-a of the Lien Law provides if such money were in the contractor’s hands it would constitute trust funds for the payment of claims of subcontractors, architects, engineers, surveyors, laborers and materialmen arising out of the improvement and any contractor who applies or consents to the application of such funds for any other purpose and fails to pay the claims mentioned is guilty of larceny and punishable therefor under the Penal Law. (People. v. Gillette, 177 Misc. 702.) It is difficult to see how it can be said such funds in the owner’s hands are attachable by the contractor’s general creditor when it is clear that if such funds came into the contractor’s hands and were not paid to the materialmen but applied to pay some other not mentioned in section 36-a, the contractor would be guilty of larceny. The contractor’s creditor can only attach the funds or property of the contractor. He cannot attach funds which the contractor may demand and if received retain as trust funds for mechanics and materialmen and the others mentioned in the statute. Because of the Lien Law the general creditor has a right only to funds receivable by the contractor free of the claims and liens of those mentioned in and protected by that statute.
The foregoing reasons seem to me to require that the order be affirmed.
Shientag and McLaughlin, JJ., concur; Hammer, J., dissents with opinion.
Order reversed, etc.