Patterson, J.
(of the Fifth Appellate District, sitting in place of Farr, J.). The plaintiff filed his petition against the defendants praying that they be enjoined from passing over certain portions of his lands.
*160 A joint demurrer to this petition was filed by all the defendants, which was overruled. The defendant Martha J. Rupert then filed her answer and cross-petition, and to this the plaintiff filed his reply, and upon the issues thus joined the court of common pleas decreed “That the defendants A. P. Rupert, Martha J. Rupert, Clarence Felger and Alma E. Felger, and all other persons claiming right, title or interest through or under them, be and they hereby are perpetually enjoined from traveling on, over or across plaintiff’s lands along the south line thereof.”
An appeal bond was filed and approved by the clerk within thirty days, which bond was signed by A. P. Rupert as principal and Martha J. Rupert as surety, both of whom are parties defendant.
A motion was filed in this court by the plaintiff to dismiss the appeal, for the reason that the defendants have not filed an undertaking with surety as provided by Section 12226, General Code, and the defendant A. P. Rupert filed his motion that should the court find the appeal bond defective, or the surety thereon not sufficient, it order the amendment, change or renewal of said bond, or that a new bond be given with security to be approved by the clerk.
Section 12226 sets forth the requirements of an undertaking in appeal.
Section 12232 is as follows: “When a surety in an appeal bond has removed from the state, or is not sufficient, or in form or amount the bond is insufficient, on motion the court of appeals may order its change or renewal or that a new one be given, *161 with security to be approved by the court or its clerk. If such order be complied with, the cause shall be heard and determined as though it had not •been made; but otherwise the appeal must be dismissed.”
In the case at bar there is no appeal bond with surety, the bond does not comply with the statutes relating to an undertaking in appeal, and the only question in the case is whether there is a sufficient compliance therewith to give the court jurisdiction to order its change or renewal or that a new one be given under Section 12232.
The defendants rely upon The Reformed Presbyterian Church et al. v. Nelson, 35 Ohio St., 638, as decisive of the question. This was an action to set aside a will, appealed by the plaintiffs to the district court, the bond in appeal being signed by two of the defendants, and the court overruled the motion to dismiss the appeal.
At page 641 the court say-:
“In the present case, two of the defendants, William Forsyth and Thomas Mintier, executed the undertaking, or appeal bond, on behalf of the plaintiffs. The plaintiffs were the appellants, and as Forsyth and Mintier could not execute an undertaking, or a bond, to themselves, the instrument could only be operative in favor of the other defendants. Such an instrument, though not in conformity to the statute, was sufficient to give the appellate court jurisdiction, and to bring the case within the provisions of the act of April 8, 1856, supplementary to the act regulating appeals, S. & C. 1169.”
*162 Had the bond been signed by the plaintiffs alone a very different question would have been presented to the court.
Our attention has been called to the case of Shires v. Fesler, 21 C. C., N. S., 529, 25 O. C. D., 162, the syllabus of which is as follows:
“Where steps have been taken by a party to give an appeal bond which is in proper form in every respect except that the same is signed by a party and not by a surety, and where such bond has been approved by the clerk, the court has authority to permit its amendment or renewal.”
This case was decided December 12, 1914, and on January 20, 1915, the following entry appears:
“It appearing to the court that the entry heretofore made on the 29th day of October, 1914, was inadvertently drawn and made, the court hereby directs that said entry be set aside on the authority of Steele v. Garn et al., being cause No. 14008, decided by the Supreme Court of Ohio November 24, 1914, and on the authority of said case the motion of plaintiff in this case to dismiss the appeal is hereby sustained and said appeal is hereby dismissed.”
While this case was reversed by the court hearing it, and almost immediately after it was reported, yet nowhere in the digests do we find any reference to the journal entry of reversal as quoted above.
We have before us the record in the case of Steele v. Garn et al., reported without opinion in 91 Ohio St., 381, which record discloses the facts to be that the plaintiff, Edgar L. Steele, recovered a judgment against the defendants, Sadie Garn, *163 Manie Garn, Fanny Kaufman and John Kaufman; that the defendant Sadie Garn undertook to perfect an appeal to the court of appeals and filed an appeal bond signed by herself and by the defendant John Kaufman. A motion was made to dismiss the appeal, which the court of appeals overruled. Error was prosecuted to the supreme court, and in 91 Ohio St., at page 381, will be found the journal entry of that court, as follows:
“It is ordered and adjudged by this court, that the judgment of the said circuit court be, and the same hereby is, reversed for the reason that said circuit court erred in overruling the motion of the plaintiff to dismiss the appeal on the grounds set forth in said motion. And coming now to render the judgment which the said circuit court should have rendered, it is hereby ordered and adjudged that the said appeal from the court of common pleas to the circuit court be, and the same is hereby, dismissed, and this cause is remanded to the court of common pleas with instructions to carry its former judgment into execution.”
The bond in the Steele v. Garn case is almost identical with the bond executed in the case at bar. In both bonds it is recited that one of the defendants desires to appeal; in both cases there were judgments against four defendants; in both bonds two of the defendants signed; in neither of the bonds is there any surety.
An undertaking such as was given, or attempted to be given, by the defendants in the case at bar is a nullity and therefore does not come within the curative provisions of Section 12232. It will be conceded that every attempt to give a bond can not *164 be cured by this section. For instance, should a party attempt to give a good and sufficient bond thirty-five days after the rendition of judgment in the court below it would not be claimed that this bond could be amended or a new bond given to bring it within the purview of the section.
The motion of the plaintiff to dismiss the appeal will be sustained, and the motion of defendant to amend bond, or give a new bond, will be overruled.

Motion to dismiss appeal sustained.

Metcalfe, P. J., and Pollock, J., concur.