## BARGER-MITCHELL MOTOR CO v LEVY
## LEVY v BARGER-MITCHELL MOTOR CO

Ohio Appeals, 6th Dist, Lucas Co

Nos. 2246, 2252. Decided Nov. 12, 1929

Mr. George A. Bassett, Toledo, for Motor Co.

Mr. Lionel Levy, Toledo, for Levy.

### RICHARDS, J.

These two cases arise out of the same litigation, were heard together, and will be disposed of in one opinion.

The Barger-Mitchell Motor Company recovered a judgment in the court of common pleas on May 23, 1929. On June 25, 1929, and at the same term of court, the trial judge set aside the judgment of May 23rd, and then re-entered the same under the date of June 25th. The Barger-Mitchell Motor Company contends that the court was without power to do this and assigns that action as error. A bill of exceptions was taken which shows that the court took this action because of the inability of the stenographer to prepare a bill of exceptions in the original case within the time limited from the date when the judgment was first rendered. A trial court retains control over its judgments during the term in which they are rendered and has full power to set the same aside for any reasonable cause and to re-enter the judgment, and we have repeatedly so held. This contention could have been made in this court in the other error proceeding and did not require a separate action therefor. It follows, therefore, that the judgment in cause number 2246 should be affirmed.

The original action was commenced before the municipal court in the City of Toledo by the Barger-Mitchell Motor Company and resulted in a judgment in its favor in that Court for a lesser sum than it claimed. For this reason it undertook to appeal the case to the court of common

pleas and gave an appeal bond signed by Lewis E. Barger as surety. The Barger-Mitchell Motor Company is an Ohio partnership and the action was brought in its name as a partnership, the surety on the appeal bond being a member of the partnership. The defendant Levy made a motion in the court of common pleas to dismiss the appeal based on this ground. On the final hearing of that motion the court overruled the same and exception was taken. Thereafter the action went to trial in the court of common pleas and resulted in a judgment in favor of the Barger-Mitchell Motor Company materially larger than had been rendered in its favor in the municipal court. The proceeding in error by Gladys M. Levy in this court is based on the claimed error of the common pleas court in overruling her motion to dismiss the appeal.

Section 1579-310 GC provides for an appeal from a judgment rendered in the municipal court and requires that the "party appealing" must enter into an undertaking with at least one good and sufficient surety. It is insisted that a co-partnership is not a separate entity from the individuals composing it and that, therefore, Lewis E. Barger, who signed the undertaking for appeal, was, in effect, a party plaintiff in the municipal court and incompetent to become a surety on the appeal bond. This is an important question and has challenged the careful consideration of the court.

We may concede that as a general rule a co-partnership is not a separate entity distinct from the individuals who constitute the firm, but it does not necessarily follow that an individual co-partner, who is otherwise fully qualified, might not be competent to sign as surety on an appeal bond for the firm. We are dealing here with a case brought in the partnership name under a statute expressly authorizing it, and it is thus, for the purposes of bringing and prosecuting the action through the courts, regarded as an entity and entitled to the rights of any other litigant, including the right of appeal by giving an undertaking signed by a person having the qualifications prescribed by statute. And whether the partnership may or may not be regarded as a separate entity, the surety on the appeal bond was not the "party appealing" and he was not, therefore, disqualified as such from becoming a surety. Especially is this true in view of the fact that the statute providing for appeals is remedial and must be liberally construed, as was held by the Supreme Court in **Commonwealth Oil Co. vs. Turk, et al., 118 Ohio St., 273.**

No one could have appealed except the Barger-Mitchell Motor Company. If it had been content, the judgment would have to stand and certainly, therefore, it alone is the party appealing and the statute provides that such party must enter into an undertaking with a good and sufficient surety.

Lewis E. Barger, the surety, was not a party to the action. The most that could be said is that he stood in the relation of a guarantor or surety for the firm and his property could only be reached by an appropriate proceeding, and not then unless it be shown that the partnership property was insufficient to satisfy the judgment.

Reliance is placed on **Rich vs. Rupert, 12 Ohio App., 159,** but in that case the surety was a party to the action and one of the parties appealing, and therefore disqualified as a surety.

The precise question was determined in the court of common pleas in Hamilton County in the case of **Fiske vs. Tennenbaum, 7 Ohio Law Reporter, 76,** and we are fully in accord with the reasoning and conclusion of the trial judge, Dickson, in that case, holding that one of the partners is not disqualified to sign as surety in an appeal of a judgment rendered against the partnership in its firm name.

If it be said that the signature of the surety furnishes no additional security to the appellee, yet he is amply responsible financially and therefore the appellee is fully protected, and if he were not financially responsible as surety, that objection could easily have been made, and if a surety, after approval, is found to be insufficient, ample remedy is provided for requiring additional security. Lewis E. Barger, the surety, not being the "party appealing" and being otherwise fully qualified as surety, the trial court was right in overruling the motion to dismiss the appeal.

The judgment in each case will be affirmed.

Williams and Lloyd, JJ., concur.