EDWARD L. GRIFFITHS *vs.* DWIGHT POWERS, executor.

Bristol.     October 27, 1913. — November 25, 1913.

Present: RUGG, C. J., MORTON, BRALEY, SHELDON, & DE COURCY, JJ.

*Attorney at Law.     Survival of Actions.     Interest.*

R. L. c. 165, § 49, which provides that an attorney at law who after demand unreasonably neglects to pay over money collected for a client "shall forfeit to such client five times the lawful interest of the money from the time of the demand," does not create a separate cause of action for a penalty, but merely provides for an increased rate of interest to be paid upon the debt to the client; and therefore a cause of action against an attorney at law for such interest as incidental to such a debt survives under R. L. c. 171, § 1, against the executor of the will of such attorney.

RUGG, C. J. This is an action of contract against the executor of the will of an attorney at law. The testator died in 1911. Having collected money for a client named Mary E. Queenie, he unreasonably refused after demand made in 1907 to pay over to her a balance due of $50. The plaintiff is her assignee. The question is the rate of interest to which the plaintiff is entitled. This depends upon the meaning and effect of R. L. c. 165, § 49, which provides that an attorney at law who after demand unreasonably

refuses to pay over money collected for a client "shall forfeit to such client five times the lawful interest of the money from the time of the demand."

This provision occurs in the part of the statute which governs the duties and obligations of attorneys at law. It expressed the public abhorrence for the breach of the obligation of an attorney at law promptly and fully to account to his clients for collections made in their behalf. It is a practical measure devised not only to be in a sense a punishment to the attorney, but also to benefit the client. It should be construed so as to afford reasonable relief. It hardly is likely that the Legislature intended that a separate action in tort was necessary in order to collect the additional amount due under the statute. It relates to the subject of interest. Interest, even when allowed as damages for the detention of a debt due, is incident to the debt, to be paid with it and as a part of it. *Corcoran* v. *Henshaw*, 8 Gray, 267, 278.

Although the statute is not phrased with clearness, we think it more consonant with the nature of the relief afforded against the delinquent attorney, and the terms in which it is expressed, to hold that, although the word forfeit is used, an increase in the legal rate of interest as applied to a debt of this character is intended rather than a technical forfeiture. The meaning is that the rate of interest upon such a debt shall be five times that which otherwise would be the lawful rate. It substitutes a five fold increase for the rate which would prevail if it were an ordinary debt. If follows from this that the increased rate substituted by way of penalty becomes incident to the debt and is to be recovered with it. Since it relates to the rate of interest, the rules of contract as to method of collection and survivorship govern, rather than those of tort. Hence it survives the death of the attorney and may be collected of his estate by the assignee of the client. The Superior Court rightly allowed interest at the rate of thirty per cent per annum from the date of demand to the date of its finding.*

*Judgment in accordance with the finding.*

The case was submitted on briefs.

*F. A. Pease,* for the plaintiff.

*C. W. Cushing,* for the defendant.

---

* The case was reported by *Sanderson,* J., for determination by this court.