J ones, J.
 

 The case filed in the municipal court of Cleveland was one sounding in chancery, and under Sections 1579-6, 1579-7, and 1579-9, General Code, jurisdiction to hear it was conferred upon the municipal court. The appeal filed in the Court of Appeals was evidently dismissed for the reason that it was unahle to find any law of the state giving the right of appeal from the municipal court to the Court of Appeals, or providing a procedure for perr fecting such appeal.
 

 The sole question to be determined is whether an appeal may be perfected from the municipal court to the Court of Appeals.
 

 Section 6, Article IV, of the Ohio Constitution, provides that:
 

 “The Courts of Appeals shall have * * * appellate jurisdiction in the trial of chancery cases-.”
 

 This constitutional provision
 
 ex proprio vigore
 
 has conferred absolute and complete appellate juris* diction upon the Court of Appeals in all chancery cases. This appellate jurisdiction, thus conferred by the Constitution, can neither be enlarged nor limited by the Legislature. The General Assembly, however, may provide for the method of exercising this appellate jurisdiction.
 
 Thompson
 
 v.
 
 Redington,
 
 
 *276
 
 92 Ohio St., 101, 110 N. E., 652, Ann. Cas., 1918A, 1161;
 
 Cincinnati Polyclinic
 
 v.
 
 Balch,
 
 92 Ohio St., 415, 111 N. E., 159;
 
 Wagner
 
 v.
 
 Armstrong,
 
 93 Ohio St., 443, 113 N. E., 397;
 
 Complete Building Show Co.
 
 v.
 
 Albertson,
 
 99 Ohio St., 11, 121 N. E., 817.
 

 It is now claimed that since no appeal, or procedure therefor, from the municipal court to the Court of Appeals has been provided by law, the Court of Appeals did not err in dismissing the appeal, although the case was one in chancery and could have been appealed from the common pleas court had the case been instituted there. If this argument be sound and were adopted by this court, it would result in a legislative power to nullify the foregoing provision of the Constitution. It connotes power in the Legislature, by enactment or non-enactment, to defeat the provisions of our organic law, which confers on the Court of Appeals appellate jurisdiction, thus enabling it to hear cases
 
 de novo. We
 
 cannot adopt a construction which would so effectually nullify the constitutional provision by the mere failure of the Legislature to provide a remedy for the exercise of appellate jurisdiction in the Court of Appeals.
 

 The municipal court act of Cleveland confers upon the nisi prius judges of that court fairly wide jurisdiction in law and chancery and in civil and criminal cases, being confined in its civil jurisdiction, to the limits of that municipality. In that respect its jurisdiction is somewhat analogous to that formerly conferred upon the superior court of Cincinnati.
 

 Section 10214, General Code, provides that:
 

 “The provisions of part third [of the Code] and all proceedings under it, shall be liberally construed,
 
 *277
 
 in order to promote its object, and assist the parties in obtaining justice.”
 

 All the appeal sections relating to the procedure for appeals from the common pleas court to the Court of Appeals come within said part third of bur General Code.
 

 Being under the duty of construing remedial provisions with such liberality as to make effective the appellate jurisdiction of the Court of Appeals, we are of the opinion that our appellate procedure applying to courts of common pleas applies as well to the municipal court of Cleveland, or, in other words, that the sections relating to appeal from the common pleas court in chancery cases (Section 12224
 
 et seq.,
 
 General Code) apply by analogy to the municipal court of Cleveland. This court has been committed to this principle in the case of
 
 Haas
 
 v.
 
 Mutual Life Ins. Co.,
 
 95 Ohio St., 137, 115 N. E., 1020. It is impossible to distinguish the
 
 Haas case
 
 from the case at bar. There a chancery case had been instituted in the superior court of Cincinnati after the adoption of said Article IY, Section 6, of the Constitution. The petition of the plaintiff was dismissed, and an appeal taken to the Court of Appeals, where the appeal was dismissed. This court vacated the judgment of dismissal. The argument claiming the right to dismiss the appeal was predicated upon the fact that the statute had conferred no right of appeal from the superior court of Cincinnati; that the section relating to appeals applied solely to the court of common pleas. This court held that chancery cases tried in the superior court of Cincinnati were appealable to the Court of Appeals, notwithstanding “no specific provision has been made’
 
 *278
 
 as to procedure in case of an appeal from the superior court of Cincinnati. ’ ’ In this judgment every member of this court concurred. Newman, J., in closing his opinion, said, notwithstanding the statute gave no right of appeal from the superior court to the Court of Appeals:
 

 “We think that, by analogy, the provision as to procedure in the case of an appeal from that court [the court of common pleas] should be applied to the superior court.”
 

 While not so exact in point of application, the same principle of analogy was applied in the case of
 
 City of Akron
 
 v.
 
 Roth,
 
 88 Ohio St., 456, 103 N. E., 465. In that case no limitation of time had been legally fixed for making an application to review the judgment of a Court of Appeals in this court. This court applied, by analogy, the 70-day statute of limitation generally applicable to the review of eases on error, and commenting upon that feature, Shauck, J., on page 465 (103 N. E., 468), said:
 

 “No limitation having yet been prescribed for invoking our authority with respect to cases of this character, a limitation of 70 days is now prescribed in analogy to the statute applicable to other cases in error,” etc.
 

 We are therefore of the opinion that the sections pertaining to the procedure on appeal from the common pleas court to the Court of Appeals apply by analogy to the municipal court of Cleveland, and that, having perfected its appeal under these statutes, the Court of Appeals was in error in dismissing the appeal of the plaintiff in error. The judgment of the Court of Appeals is vacated and the cause remanded to that court, with direction to
 
 *279
 
 overrule the motion to dismiss the appeal and for further proceedings according to law.
 

 Judgment vacated and cause remanded.
 

 Day, Allen, Robinson and Matthias, JJ., concur.