Zimmerman, J.,
 

 dissenting. This case presents two questions for decision: 1. Did the notice of appeal from the Board of Tax Appeals to this court sufficiently meet the requirements of Section 5611-2, General Code? 2. Were the sales of packaged milk at 10 cents per unit from vending machines subject to the Ohio sales tax?
 

 As to the first question, Section 5611-2, General Code, relating to appeals from decisions of the Board of Tax Appeals to the Supreme Court, provides in part:
 

 “Such notice of appeal shall set forth the decision of the Board of Tax Appeals appealed from * * *.”
 

 It is important to note that such section, unlike
 
 *37
 
 Section 5611, General Code, pertaining to appeals from final determinations of the Tax Commissioner to the Board of ■ Tax Appeals, says nothing concerning the inclusion of any paper in the notice of appeal by way of attachment or incorporation.
 

 The terms “set forth” and “set out” ordinarily mean to recite or narrate facts or circumstances; to describe or to incorporate. See Black’s Law Dictionary (3 Ed.), 1612.
 

 Here the challenged notice of appeal contains the following language:
 

 he [appellant] desires and intends to appeal to the Supreme Court of Ohio from a judgment of the Board of Tax Appeals entered in cause number 9523 on November 7,1945, reversing an order and judgment theretofore made and entered by the Hon. William S. Evatt, former Tax Commissioner, wherein a tax assessment was levied against one J. P. Castleberry of Mariemont in the state of Ohio. # * * Said entry of judgment is erroneous and contrary to law in finding as a matter of law and fact that the milk which was the subject matter of the sales was sold to be consumed off the premises where sold.”
 

 The principal function of a notice of appeal is to advise the opposite party of the taking of an appeal. Statutes relating to appeals are remedial and should be liberally construed to the end that the right of appeal may not be defeated.
 
 Commonwealth Oil Co.
 
 v.
 
 Turk,
 
 118 Ohio St., 273, 160 N. E., 856; 37 Ohio Jurisprudence, 732, Section 411.
 

 The notice of appeal here involved
 
 was filed with the Board of Tax Appeals withm the thirty-day limitation.
 
 It adequately describes and sets forth the decision complained of and was sufficient to satisfy the demands of Section 5611-2, General Code. See
 
 Capital
 
 
 *38
 

 Loan & Savings Co.
 
 v.
 
 Biery,
 
 134 Ohio St., 333, 16 N. E. (2d), 450;
 
 Trotwood Trailers, Inc.,
 
 v.
 
 Evatt, Tax Commr.,
 
 142 Ohio St., 197, 51 N. E. (2d), 645.
 

 I't is the general rule that, although a notice of appeal should comply substantially with statutory requirements, it is usually sufficient if it contains enough information to apprise the opposite party of the particular judgment which is sought to be reviewed. 3 American Jurisprudence, 168, Section 470; 4 Corpus Juris Secundum, 1061, Section 593.
 

 We will now consider the second question. It appears from the record that J. P. Castleberry, doing business as Cedar Hill Farms, placed milk vénding machines in two manufacturing plants. These machines could be and were moved from place to place in the plants. They dispensed paper-packaged milk at 10 cents per package. Such milk was bought by the employees of the manufacturing plants and consumed by them within the “four walls” of the buildings. Castleberry, through his employees and with permission, periodically filled the machines with the packaged milk and removed the money from the machines.
 

 Does such a combination of facts make these milk sales taxable within the contemplation of the Ohio Sales Tax Act?
 

 In December of 1934, the General Assembly of Ohio enacted the first sales tax law (115 Ohio Laws, pt. 2, 306). It was to be effective during the year 1935. In so far as pertinent, Section 5546-2, General Code, then read:
 

 “For the purpose of providing revenue * * *, an excise tax is hereby levied on each retail sale in this state of tangible personal property * * *, with the
 
 exceptions
 
 hereinafter mentioned and described, as follows': * * *
 

 
 *39
 
 “The tax hereby levied does not apply -to the following sales: * * *
 

 “2a. Sale of fluid, milk # * * for consumption
 
 off the premises of the vendor
 
 * * *.” (Italics ours.)
 

 During December, 1935, the General Assembly extended and re-enacted the sales tax law through March 1937 (116 Ohio Laws, pt. 2, 69). The language of the initial act quoted above was included in the re-enactment.
 

 Then at the general election in November of 1936 the voters adopted Section 12, Article XII of the Ohio Constitution, reading as follows:
 

 “On and after November 11, 1936, no excise tax shall be levied or collected upon the sale or purchase of food for human consumption
 
 off the premises, ivhere sole}.”
 
 (Italics ours.)
 

 In adopting such additional provision, the voters undoubtedly had primarily in mind that the sale of food bought in grocery stores, meat markets, and other like establishments, to be removed therefrom for preparation and consumption in homes and other places away from the locations where bought, should be free from any tax.
 

 After the adoption of the constitutional provision, the Sales Tax Act was rewritten. Section 5546-2, General Code, in its existing form and with which we are presently concerned, levies an excise tax on each retail sale made in this state of tangible personal property. However, “if the price is less than nine cents, no tax shall be imposed.”
 

 Section 5546-2, General Code, further provides:
 

 “The tax hereby levied does not apply to the following sales: * * *
 

 “2. Sale of food for human consumption
 
 off the premises where sold.
 
 * * *” (Italics ours.)
 

 
 *40
 
 In subdivision 2, “milk and milk products including ice cream” are defined as food as that term is used therein.
 

 The last paragraph of Section 5546-2, General Code, significantly states:
 

 “For the purpose of the proper administration of this act and to prevent the evasion of the tax hereby levied, it shall be presumed that
 
 all sales
 
 made in this state are subject to the tax hereby levied until the contrary is established.” (Italics ours.)
 

 Therefore, “where a specific retail sale of tangible personal property is «shown to have been-made by a vendor # * *, such sale is presumed to be subject to the tax * * * and the burden of proof to establish the contrary is upon the vendor.”
 
 State, ex rel. Foster,
 
 v.
 
 Evatt, Tax Commr.,
 
 144 Ohio St., 65, 56 N. E. (2d), 265.
 

 By virtue of the presumption that all sales of tangible personal property in Ohio are subject to the sales tax, a claim of exemption is to be scrutinized- closely and denied if the right to exemption is not clearly established.
 

 This brings us to a consideration of the meaning of the term, “off the premises where sold,” as used in Section 12, Article XII of the Constitution and in Section 5546-2, General Code. As we read the organic and statutory laws mentioned, the word “premises” is used in its usual and ordinary sense, which is “a distinct portion of realty; land, or lands; tenements, buildings.” Anderson’s Dictionary of Law, 802. Or, as was remarked in the opinion in the case of
 
 Bowers
 
 v.
 
 Pomeroy,
 
 21 Ohio St., 184, 190, “the word ‘premises’ was used in the statute as the very synonym of lands and tenements.”
 

 Therefore, to say that the vending machines in the plants constituted the “premises” is untenable.
 

 
 *41
 
 In this connection attention is called to Rule 54 of the Department of Taxation, which reads as follows:
 

 “The word ‘premises’ as used in Section 5546-2, exempting from the sales tax all sales of food for human consumption ‘off the premises where sold’ is defined as the entire building, tent, or other structure, together with contiguous lands or any lands whether enclosed or not, in or on any part of which the vendor by permission, license, grant, privilege, or by any other right whatsoever makes sales.”
 

 Of course, the “metes and'bounds” theory, as it is called in the majority opinion, must be given a common sense application in harmony with the object intended by Section 12, Article XII of the Constitution. No one would seriously contend that, where a food market occupies the first floor of a building and the upper floors are divided into residence apartments, an occupant of one of the apartments would be required to pay a tax on the sale of food purchased in the market for consumption in his apartment. And no tax is collectible on the sales of milk, bread, etc., where such commodities are delivered by the seller to the customer in his home for consumption there. These illustrations, we submit, are wholly dissimilar to and readily distinguishable from the situation with which we are presently concerned.
 

 In answer to a question from the bench during the oral argument of this case, one of counsel for the appellee stated that if Castleberry’s representatives had gone through the plants selling the packages of milk, to the employees in the plants, such sales would be taxable. Here, the milk vending machines were distributed over the plants — the premises. The milk was removed from the machines by the employees and consumed in the plants
 
 themselves
 
 — on
 
 the premises where
 
 
 *42
 

 sold.
 
 We can see no real difference between the two situations.
 

 As a sidelight on this controversy, the following-paragraph from the decision of the Board of Tax Appeals is of interest:
 

 “It has been suggested that since the ceiling price for a pint of milk was nine cents a tax of one cent was collected by the appellant from the consumer; however, the record shows that the appellant sold this milk at ten cents per pint and that no tax was collected and no prepaid tax receipts purchased by the appellant. If the ceiling price was exceeded that was a matter for the Office of Price Administration and not for this board.”
 

 We are of the opinion that the sales of the packaged milk in the circumstances and under the conditions disclosed by the record in this case were taxable within the design and intent of the Ohio Sales Tax Act. The Tax Commissioner was correct in so determining, and the decision of the Board of Tax Appeals to the contrary is unreasonable and unlawful and in that respect should be reversed.