JOSEPH VIEIRA *vs.* MALVINA R. MENINO.

Bristol.    October 27, 1947. — December 9, 1947.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & WILLIAMS, JJ.

*Price Control.  Contract,* Implied.  *Damages,* Penalty.  *Election.  Practice, Civil,* Division of action, Election.  *Words,* "*Action.*"

There was no occasion to require the plaintiff to elect between contract
and tort in an action of contract or tort brought under § 205 (e) of
the Federal emergency price control act of 1942 and grounded on an
overcharge of rent.

A cause of action under § 205 (e) of the Federal emergency price control
act of 1942, grounded on an overcharge of rent, is remedial and not
penal and may be enforced by an action of contract, notwithstanding
that the amount of recovery under the statute is not confined to the
amount of the overcharge.

CONTRACT, by amendment, CONTRACT OR TORT. Writ in the Third District Court of Bristol dated December 4, 1943.

Upon removal to the Superior Court, the action was tried before *O'Connell,* J.

*F. Vera & J. C. Duggan,* for the plaintiff, submitted a brief.

*J. Ferreira,* for the defendant.

RONAN, J. The plaintiff brought this action under the provisions of § 205 (e) of the emergency price control act of 1942 (Act of January 30, 1942, 56 U. S. Sts. at Large, 23, 34) to recover alleged overcharges for rent demanded by the defendant and paid by the plaintiff for the use and occupancy by the plaintiff of a dwelling owned by the defendant. These overcharges were alleged to have been made in five weekly payments of rent and to have exceeded the maximum lawful rental charge duly established by the price administrator. See *Schaffer* v. *Leimberg,* 318 Mass. 396; *Glover* v. *Mitchell,* 319 Mass. 1; *Fleetham* v. *Winter Hill Liquor Store, Inc.* 319 Mass. 29; *Grindle* v. *Brown,* 321 Mass. 182.

The writ was amended so that the action was one of contract or tort. The declaration as finally amended contained five counts. Each count was brought on account of the overcharge for one particular week, and no contention has been made that any count did not sufficiently allege all the elements required to set out a cause of action under said § 205 (e). See *Wright* v. *Boston & Maine Railroad,* 129 Mass. 440; *Garvey* v. *Wesson,* 258 Mass. 48. At the close of the evidence the defendant filed a motion which was treated by the judge and parties as a motion to require the plaintiff to elect whether he would base his case on tort or contract. The judge allowed the motion subject to the exception of the plaintiff. The plaintiff stated that he would "stand upon the action in contract." The defendant then filed a motion that a verdict be directed for her on the ground that an action in contract would not lie. The judge allowed this motion and directed a verdict for the·defendant, all subject to the plaintiff's exception. The plaintiff

also excepted to the denial of a motion for a directed verdict in his favor.

The plaintiff is seeking to enforce in each count a single cause of action which had been given to him by an act of Congress. The basis of each count was the alleged overcharge, and no other or different ground was alleged. There was nothing in any of the counts that was ambiguous or inconsistent with the contention that the plaintiff had been overcharged and that he was seeking relief on this ground alone. He was not pursuing two alternative or inconsistent remedies but was relying upon a single remedy to enforce his rights. Indeed, if he had joined a count in tort with one in contract arising out of the same matter he could not be required to elect. G. L. (Ter. Ed.) c. 231, § 7, Sixth, as appearing in St. 1939, c. 67, § 1. He did not plead his cause of action in that manner. There was no occasion to require an election, but the plaintiff was not harmed[1] because, as will appear hereinafter, he correctly took the position that he was proceeding in contract against the defendant. We need not decide whether he could have proceeded in tort as the only question is whether he could proceed in contract. His real prejudice came from the ruling of the judge directing a verdict against him on the ground that he could not recover in contract. In determining the correctness of a ruling directing a verdict upon a particular ground we need only to decide whether the ruling can be supported upon the ground specified. *Guidi* v. *Great Barrington*, 272 Mass. 577. *Beebe* v. *Randall*, 304 Mass. 207, 209. *Commonwealth* v. *Dowe*, 315 Mass. 217.

A tenant who has been charged and paid more than the maximum duly established rent for his dwelling may under § 205 (e)[2] "bring an action either for $50 or for treble the amount by which the consideration exceeded the applicable maximum price, whichever is the greater, plus reasonable attorney's fees and costs as determined by the court." The

---

[1] The ruling with reference to election would not alone be sufficient ground for sustaining the plaintiff's exceptions, but as there must be a new trial necessitated by other grounds this exception is sustained.

[2] Subsequent to the commencement of this action § 205 (e) was amended by 58 U. S. Sts. at Large, 632, 640, and by 60 U. S. Sts. at Large, 676, 677.

fact that damages recoverable will exceed the amount of the overcharge does not make the section a penal rather than a remedial statute. It was said in *Schaffer* v. *Leimberg*, 318 Mass. 396, 399, which was an action by a tenant to recover damages under § 205 (c) on account of an overcharge of rent, in answer to a contention that one sovereignty will not enforce the penal statutes of another, "that a cause of action given to a person aggrieved to recover damages for the wrong done him is remedial and not penal within that rule even though the damages consist of a multiple of the actual loss or even are assessed without regard to the actual loss." This Federal statute authorizes the aggrieved tenant to bring an action, and the word action is used "in its comprehensive sense as meaning the pursuit of a right in a court of justice without regard to the form of legal proceedings . . . and not in the narrow significance in which it is sometimes employed to indicate a specific remedy at law." *Boston* v. *Turner*, 201 Mass. 190, 196. *Matter of Keenan*, 287 Mass. 577, 581. It is the general rule that, where a statute like § 205 (e) creates a new cause of action without prescribing the remedy for its enforcement, the action may be prosecuted by any remedy at common law which is available and appropriate. *Smith* v. *Drew*, 5 Mass. 514. *Cogswell* v. *Essex Mill Corp.* 6 Pick. 94. *Russell Mills* v. *County Commissioners of Plymouth*, 16 Gray, 347. *Cosmopolitan Trust Co.* v. *Cohen*, 244 Mass. 128. *Pollard* v. *Bailey*, 20 Wall. 520. *Fourth National Bank* v. *Francklyn*, 120 U. S. 747. Sutherland, Statutory Construction (2d ed.) § 720.

The usual form of an action to recover from a defendant what in equity and good conscience he was not entitled to receive is in contract. *Wiley* v. *Connelly*, 179 Mass. 360. *Cole* v. *Bates*, 186 Mass. 584. *Nelson* v. *Piper*, 213 Mass. 531. *Sherman* v. *Werby*, 280 Mass. 157. *Evatt* v. *Willard D. Martin, Inc.* 302 Mass. 414. *Converse* v. *Boston Safe Deposit & Trust Co.* 315 Mass. 544. It is settled in this Commonwealth that a plaintiff who has paid more for a commodity or a service than the price or rate fixed by law, or a plaintiff who has sold a commodity or performed a

particular service and has been paid less than the price or rate so prescribed, may recover in an action of contract the amount of the overpayment or the balance due as the case may be. The authorities are set forth at great length in *Papetti* v. *Alicandro*, 317 Mass. 382. What was there said need not be repeated. It is enough for present purposes to say that an action of contract is the mode of procedure that is commonly if not exclusively employed in such cases. This statutory cause of action originates in the overpayment, and its nature is not changed because the damages are not limited to the amount of the overcharge. In this respect, the situation is somewhat similar to the form of action which is to be employed in the enforcement of the fair labor standards act of 1938, U. S. C. (1940 ed.) Title 29, § 201 et seq., which provides for the recovery of the amount that an employee has been underpaid together with an equal amount as liquidated damages and reasonable attorney's fees and costs. This act has been held to be remedial and not penal and, no specific recovery for its civil enforcement having been provided by the act, the appropriate remedy was an action of contract against the employer. *Overnight Motor Transportation Co. Inc.* v. *Missel*, 316 U. S. 572. *Northwestern Yeast Co.* v. *Broutin*, 133 Fed. (2d) 628. *Republic Pictures Corp.* v. *Kappler*, 151 Fed. (2d) 543, affirmed 327 U. S. 757. *Forsyth* v. *Central Foundry Co.* 240 Ala. 277. *Hays* v. *Bank of America National Trust & Savings Association*, 71 Cal. App. (2d) 301. *Adair* v. *Traco Division*, 192 Ga. 59. *Tapp* v. *Price-Bass Co.* 177 Tenn. 189.

The instant case resembles *Griffiths* v. *Powers*, 216 Mass. 169, where the plaintiff recovered in an action of contract against the estate of an attorney who had refused to pay over money collected for his client and who thereby became liable under R. L. c. 165, § 49, to "forfeit to such client five times the lawful interest of the money from the time of the demand." It was held that it was not necessary to bring an action of tort for the additional interest, that the statute should be construed so as to give the client the relief intended, and that contract rather than tort was the proper remedy.

It may well be, although we need not decide, that the liability of the defendant may be predicated upon the ground that the plaintiff's tenancy at will consisted of successive tenancies of a week's duration, that when the express or implied agreements which created these tenancies were made, the emergency price control act being then in effect, the provisions of the act became one of the terms of the agreements, so that the violation of the act by the landlord in making an overcharge for rent would constitute a breach of the agreements, and that, by invoking § 205 (e) of the act, the tenant was in reality enforcing a contractual liability of the landlord. *Lorando* v. *Gethro*, 228 Mass. 181, 188. *Gelfert* v. *National City Bank*, 313 U. S. 221. *Wood* v. *Lovett*, 313 U. S. 362.

The denial of the motion of the plaintiff for a directed verdict in his favor was proper. In the first place it referred to counts in a declaration which had been superseded by a new amended declaration and which had ceased to be of any force and effect, *Hushion* v. *McBride*, 296 Mass. 4, *Revere* v. *Blaustein*, 315 Mass. 93; and in the next place the amount of attorney's fees which he sought was a question of fact and not a question of law. *Cummings* v. *National Shawmut Bank*, 284 Mass. 563. *Bearse* v. *Styler*, 309 Mass. 288.

It follows that the plaintiff's exceptions to the allowance of the defendant's motions to elect and for a directed verdict and to the direction of a verdict must be sustained, and his exceptions to the denial of his motion for a directed verdict are overruled.

*So ordered.*