Austin L. Cannon *vs.* Michael L. Fahey.

Suffolk. February 6, 1951. — March 30, 1951.

Present: Qua, C.J., Lummus, Spalding, Williams, & Counihan, JJ.

*Attorney at Law. Contract,* Implied. *Payment. Escrow.*

An attorney at law, who received from the trustee of a testamentary trust a check payable to him as attorney for a beneficiary thereof accompanied by a letter requesting him to hold the check "in escrow until the matter of the allowance of the trustee's accounts was ironed out with" the judge of probate, was liable to his client for the amount of the check in an action of contract for money had and received where evidence warranted findings by the trial judge that the defendant deposited the check in his own account upon receipt thereof, that the judge of probate allowed the trustee's final account showing payment

of that amount to the defendant as attorney for the plaintiff, and that thereafter the defendant refused to make payment to the plaintiff.

At the trial of an action of contract by a client against an attorney at law, who represented him as beneficiary under a testamentary trust, to recover the amount of $1,500 paid by the trustee thereof to the defendant as attorney for the plaintiff, it was proper to exclude evidence relating to the payment by the defendant of $1,400 of that amount to the attorney for another claimant under the trust without the plaintiff's knowledge after a judge of probate had allowed the trustee's final account showing such payment of the $1,500 to the defendant.

CONTRACT. Writ in the Superior Court dated January 26, 1949.

The action was heard by *Nagle*, J.

*M. McConnell*, (*V. R. Brogna* with him,) for the defendant.

*L. Brown*, (*W. P. Cunningham* with him,) for the plaintiff.

WILLIAMS, J. This is an action of contract to recover $1,500 alleged to have been collected for the plaintiff by the defendant while acting as the plaintiff's attorney at law. It is essentially an action for money had and received to the plaintiff's use. *Ackert* v. *Barker*, 131 Mass. 436, 438. The declaration contains an allegation that the defendant has unreasonably neglected to pay over the moneys so collected and that therefore he is chargeable with five times the lawful interest on said sum. Although this increased rate of interest, provided by G. L. (Ter. Ed.) c. 221, § 51, is a penalty, it is incidental to the debt and may be recovered in an action of this kind. *Griffiths* v. *Powers*, 216 Mass. 169, 170. The defendant's answer is a general denial.

A judge of the Superior Court, sitting without jury, having made special findings of fact, found for the plaintiff. These facts are substantially as follows: The defendant was engaged by the plaintiff to represent him in connection with a claim for moneys due the plaintiff as beneficiary under a trust created by will. After several conferences with the defendant, the trustee, on February 3, 1943, mailed to the defendant a check payable to him as attorney in the sum of $1,500. Accompanying the check was a letter "requesting the defendant to hold the same in escrow until the matter of the allowance of the trustee's accounts was 'ironed out with

Judge Wilson' [the judge of probate]." The defendant deposited the check in his own account. Subsequently the trustee's fourth and final account was filed on February 18, 1944, and was allowed by the judge of probate on December 1, 1944. In schedule E of the account there appeared an item, No. 241, "Michael L. Fahey, attorney for Austin L. Cannon, $1,500." After December 1, 1944, the plaintiff made several demands for payment but the defendant stated there was nothing due him. On October 19, 1945, after consultation with the trustee and counsel representing other parties interested in the trust, the defendant without the knowledge of the plaintiff "paid over $1,400 of said $1,500 to an attorney representing another claimant under said trust." The "defendant did not unreasonably neglect to pay over the money collected by him for the plaintiff." The judge assessed damages in the sum of $1,500 with interest at the normal rate from December 20, 1944, a date twenty days after the allowance of the trustee's account.

The defendant has excepted to the exclusion of certain evidence and to the denial of his requests for rulings numbered 1, 2, 6, 7, and 10. Request numbered 1, "That on all the evidence there should be a finding for the defendant," and request numbered 2, that "As a matter of law on the evidence the court cannot find that the defendant withheld money from the plaintiff," could not have been given. There was evidence to support the special findings of fact, and these findings were adequate to sustain the general finding. *Kennedy Bros. Inc.* v. *Bird*, 287 Mass. 477, 484. *Stern* v. *Lieberman*, 307 Mass. 77, 81–82.

There was no error in denying request numbered 6, "On the plaintiff's declaration the court must find for the defendant unless it finds that the defendant appropriated funds belonging to the plaintiff for the defendant's own use," and request numbered 7, "That if the court finds that the defendant did not appropriate money belonging to the plaintiff for the defendant's own use, the court must find for the defendant as a matter of law." Evidence of the withholding of money lawfully due the defendant's

client is sufficient to support an action by the latter without proof of actual conversion. It is suggested, however, that the finding that the defendant deposited the check for $1,500 in his own account is essentially a finding that he appropriated the check for his own use. *School District in Greenfield* v. *First National Bank,* 102 Mass. 174, 176.

The principal complaint of the defendant is to the exclusion of evidence relating to the payment by the defendant to the attorney of another claimant under the trust of $1,400 out of the $1,500 received by him. The evidence offered by the defendant need not be recited in detail. In substance it tended to show that previous to the allowance of his account the trustee had contended that nothing was due to the plaintiff because any amount payable to the plaintiff from the trust was offset by rent due from the plaintiff to the trust for his occupation of trust real estate. At the hearing on the allowance of the account it was stated to the plaintiff that nothing was coming to him. After the allowance of the account the defendant conferred with counsel for other beneficiaries of the trust and as a result paid to counsel $1,400 for distribution among them.

The exceptions of the defendant to the exclusion of this evidence cannot be sustained. Although perhaps material on the question of the defendant's "unreasonable neglect," the defendant has not been injured in respect to that issue as the judge found no such neglect. The evidence would not have constituted a defence to the plaintiff's main cause of action. The check for $1,500 was originally given to the defendant by the trustee in 1943 on condition that it should be held by the defendant in "escrow" until the trustee's accounts had been "ironed out with Judge Wilson." When Judge Wilson later allowed the trustee's final account showing payment of $1,500 to the defendant as attorney for the plaintiff, the account then had been "ironed out" and thereafter the defendant held the $1,500 free from any condition imposed by the trustee.

The decree allowing the account had the same effect as a decree for distribution. *Rhines* v. *Wentworth,* 209

Mass. 585, 588. See also *Palmer* v. *Whitney*, 166 Mass. 306; *Lamson* v. *Knowles*, 170 Mass. 295, 297; *Libby* v. *Todd*, 194 Mass. 507, 512; *Knowles* v. *Perkins*, 274 Mass. 27; *Walsh* v. *Mullen*, 314 Mass. 241, 243. It adjudicated the right of the plaintiff to receive the sum of $1,500 from the trustee. Thereafter the defendant held the money as a fiduciary. *Coffey* v. *Rady*, 267 Mass. 301, 303–304. It became his duty to pay it over to the plaintiff. We do not understand that the defendant by his offer of evidence is seeking to attack the decree collaterally. See *Farquhar* v. *New England Trust Co.* 261 Mass. 209, 212–213. It appears to be his contention that the excluded evidence would show the payment by him of $1,400 to persons having a paramount right or title to the money. This contention cannot be sustained. The other beneficiaries under the trust had no right to the money which had been paid to the plaintiff's attorney. If this payment was improper, their remedy was against the trustee. The evidence was properly excluded.

Request numbered 10, reading, "If the defendant, acting as attorney for the plaintiff satisfied himself that the amount coming to the plaintiff out of funds held by the defendant equalled the amount the trustee claimed was owed by the plaintiff, the defendant was justified in not turning such funds over to the plaintiff," is disposed of by what we have said in reference to the exclusion of evidence. There was no error in its denial.

*Exceptions overruled.*