*Western District*

*District Court of Springfield*

No. —————

## HEGARTY, TRUSTEE IN BANKRUPTCY

### v.

### GUINDON

(June 4, 1956)

*Riley, P. J.* The trial judge, after a finding for the defendant and certain findings of fact and rulings of law, reported this case to the Appellate Division for its determination under G. L. c. 231, §108. The trustee in bankruptcy seeks to recover treble damages by reason of an overcharge to the bankrupt of the maximum rental permitted for controlled housing accommodations under the provisions of St. 1953, c. 434 which provisions were duly accepted by the City of Springfield by an ordinance approved on July 27, 1953. The pertinent language of this ordinance follows exactly that of St. 1953, c. 434 hereinafter quoted. The action is in two counts, one in contract and one in tort, phrased in identical language. It was commenced on April 4, 1955. The defendant's answer is a general denial, good faith of the defendant and the statute of limitations.

The material provisions of said Chapter 434 are as follows:

"*Section 7.* (a) Any person who demands, accepts, receives or retains any payment of rent in excess of the maximum rent prescribed under the provisions of this act, or any regulation, order or requirement thereunder, shall be liable to the person from whom such payment is demanded, accepted, received or retained, or shall be liable to the municipality as hereinafter provided, for reasonable attorney's fees and costs as determined by the court, plus liquidated damages in the amounts of (1) fifty dollars, or (2) not more than three times the amount by which the payment or payments demanded, accepted, received or retained exceed the maximum rent which could lawfully be demanded, accepted, received or retained, as the court in its discretion may determine, whichever in either case may be the greater amount; provided, that the amount of such liquidated damages shall be the amount of the overcharge or overcharges if the defendant proves that the violation was neither wilful nor the result of failure to take practicable precautions against the occurrence of the violation.

(b) Suit to recover liquidated damages as provided in this section may be brought not later than one year after the date of violation; provided, that if the person from whom such payment is demanded, accepted, received or retained either fails to institute an action under this section within thirty days from the date of the occurrence of the violation or is not entitled for any reason to bring the action, the rent board, on behalf of the municipality, may settle the claim arising out of the violation or not later than one year after the date of violation may institute such action. . . ."

The trial judge (*Ehrlich, Sp. J.*) found that the date of adjudication of bankruptcy was December 3, 1954, that rent control was in effect during the period involved and that the bankrupt was a tenant

of the defendant during the period set out in the declaration. Upon evidence set out in the report he further found that there were over-payments illegally made by the bankrupt to the defendant for eight months totalling $96.00 prior to the commencement of the action; that the excess charged was not wilful but that the overcharge was the result of the defendant's failure to take practicable precautions against the occurrence of the violation.

The judge denied the following requests of the plaintiff:

"1. There is evidence which warrants a finding for the plaintiff.

2. The statute of limitations is suspended by the bankruptcy Act permitting the Trustee to recover for rent overcharges for a period of one year prior to date of adjudication.

7. The rights of the bankrupt in bringing the action inure to the Trustee in Bankruptcy."

He found that the Trustee in Bankruptcy was not the proper person to bring this action because to permit it would be an unwarranted interference with the enabling statutes of the Commonwealth, as accepted by the ordinance hereinbefore mentioned, and that such action was limited to the bankrupt personally or to the rent board on behalf of the municipality. He also found that the statute of limitations as provided for in the ordinance furnished a "sentence of death" on each rental overcharge prior to the year before April 1, 1955, which was the last rental date prior to the bringing of this action, and cannot be revived under the theory advanced by the trustee in bankruptcy. The report states it is agreed between the parties, that in order to avoid the possibility of retrial, if the Court erred and the statute of limitations was extended, as contended by the plaintiff, and the Appellate Division finds that the plaintiff was a proper person to bring this action and was entitled to recover, then judgment should be entered for the plaintiff for treble damages amounting to $432.00

plus a counsel fee of $35.00, or a total of $467.00. The report further states that it was agreed between parties that if the Court erred and the plaintiff was a proper person to bring this action but the statute of limitations was not extended and recovery could only be had for the period from May 1, 1954 to December 1, 1954 then the treble damages amounted to $288.00 plus $35.00 as an attorney's fee, or a total of $323.00.

Two questions are presented for decision. First, do the rights of the bankrupt in bringing this action inure to the trustee in bankruptcy and second, is the statute of limitations imposed by the ordinance and statute hereinbefore set out suspended by the bankruptcy Act so as to permit the trustee to recover for rent overcharges for a period of one year prior to the date of adjudication?

The applicable provisions of the Bankruptcy Act are as follows:

"§70a. The trustee of the estate of a bankrupt and his successor or successors, if any, upon his or their appointment and qualification, shall, in turn be vested by operation of law with the title of the bankrupt as of the date of the filing of the petition initiating a proceeding under this Act, except insofar as it is to property which is held to be exempt, to all of the following kinds of property wherever located . . . (3) Powers which he might have exercised for his own benefit, but not those which he might have exercised solely for some other person . . . (5) Property, including rights of action, which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him, or otherwise seized, impounded, or sequestered; Provided, That rights of action ex delicto for libel, slander, injuries to the person of the bankrupt or of a relative, whether or not resulting in death, seduction, and criminal

conversation shall not vest in the trustee unless by the law of the State such rights of action are subject to attachment, execution, garnishment, sequestration, or other judicial process: . . . (6) the unlawful taking or detention of or injury to his property . . ."

"§11e. A receiver or trustee may, within two years subsequent to the date of adjudication or within such further period of time as the Federal or State law may permit, institute proceedings in behalf of the estate upon any claim against which the period of limitation fixed by Federal or State law had not expired at the time of the filing of the petition in bankruptcy . . . or where in any proceeding, judicial or otherwise, a period of limitation is fixed, either in such proceeding or by applicable Federal or State law, for taking any action, filing any claim or pleading, or doing any act, and where in any such case such period had not expired at the date of the filing of the petition in bankruptcy, the receiver or trustee of the bankrupt may, for the benefit of the estate, take any such action or do any such act, required of or permitted to the bankrupt, within a period of sixty days subsequent to the date of adjudication . . ."

The rights of the bankrupt under the instant statute and ordinance inure to the benefit of his trustee in bankruptcy. The question cannot arise under the Federal Housing and Rent Act of 1947 upon which St. 1953, c. 434 is modelled as the Federal Act defines "person" as the legal successor or representative of any individual, corporation, partnership, association, or any other organized group of persons. However, our decisions seem to point to the conclusion that rights of the character given a person under St. 1953, c. 434 are assignable by him or pass to his assignee in insolvency or other legal representative. In *Gray v. Bennett*, 3 Met. 522, it was held that a bill in equity brought by the assignee under the in-

solvency statutes then in effect would lie to recover threefold the amount of the usurious interest paid by the insolvent debtor to the defendant. The court there held that it was the intent of the insolvency law that all property of the debtor should be appropriated for the use of his creditors, that anyone who affirms that a particular thing does not pass by force of the statute must bring itself within its exceptions or show conclusively that it was the design of the makers of the law that the specified thing should not pass to the assignee. This language of the court was approved by the U. S. Supreme Court in *Crapo v. Kelly*, 16 Wall. 610. Our insolvency law in force at that time provided that the assignment would vest in the assignee "all property of the debtor, both real and personal, which he could by any way or means have lawfully sold, assigned or conveyed . . . and the assignees shall have the like remedy to recover all the said estate, debts and effects, in their own names, as the debtor might have had if no such assignment had been made". The court found that the meaning of the word "debt" in the statute included the statutory liability for usurious interest. This case has been followed in *Cutler v. Bubier*, 4 Gray 588 and *Tamplin v. Wentworth*, 99 Mass. 63. See also *Wiley v. Connelly*, 179 Mass. 360. *Woodbury v. Sparrell Print*, 187 Mass. 426, 429. *Delval v. Gagnon*, 213 Mass. 203. *Bethlehem Fabricators v. H. D. Watts Co.*, 286 Mass. 556, 565-567. In *Griffiths v. Powers*, 216 Mass. 169 an assignee was permitted to recover in an action of contract fivefold interest from the executor of an attorney under G. L. c. 221, §51. Our court in *Vieira v. Menino*, 322 Mass. 165 has held that an action of contract is the appropriate means of recovering an overpayment of rent under the Federal Emergency Price Control Act of 1942 which provisions in reference to such overpayment are substantially those set out in the Massachusetts statute under discussion. The court further said,

"It may well be, although we need not decide, that

the liability of the defendant may be predicated upon the ground that the plaintiff's tenancy at will consisted of successive tenancies of a week's duration, that when the express or implied agreements which created these tenancies were made, the emergency price control act being then in effect, the provisions of the act became one of the terms of the agreements, so that the violation of the act by the landlord in making an overcharge for rent would constitute a breach of the agreements, and that, by invoking Sec. 205 (e) of the act, the tenant was in reality enforcing a contractual liability of the landlord. *Lorando v. Gethro,* 228 Mass. 181, 188. *Gelfert v. National City Bank,* 313 U.S. 221. *Wood v. Lovett,* 313 U. S. 362."

Without deciding which, we think that the right of action which the bankrupt had in this case would come within one of the three descriptions of property set out in Section 70 (a) of the Bankruptcy Act and that upon the findings of fact of the trial judge the trustee was entitled to maintain this action. It would seem that the right of the rent board to bring the action was a permissive right and, as it had not been exercised, would not bar the present plaintiff.

There remains the question of whether or not the trustee may recover in the action for a period of one year from the date of the adjudication in bankruptcy under Section 11 (e) of the Bankruptcy Act. The decision in *Rock v. Dennett,* 155 Mass. 500 might seem to favor the contention of the trustee that he would be entitled to recover the overpayment in rent for a period of one year prior to the adjudication notwithstanding the date upon which the action was commenced. However, we are constrained to follow the decision of our court in *Hogan v. Coleman,* 326 Mass. 770 where it is said in an action brought under the Federal Rent Control Act, with an ample citation of federal authorities,

"It has uniformly been held under the Acts both of 1942 and of 1947 that the one year provision is a limitation not only on the remedy but also on the right so that damages may be recovered only on account of violations occurring within the year next preceding the commencement of the action." This conclusion is fortified by the recent decision in *Kagan v. Levenson*, 1956 A.S. 527, where the Court speaking of said Section 11 (e) says at page 529,

"It is obvious from the wording of the statute just quoted that where a cause of action is grounded on State law the State statute of limitations applies, and it has been so held. *Austrian v. Williams*, 198 Fed. (2d) 697 (C.A.2). *MacLeod v. Kapp*, 81 Fed. Sup. 512 (D.C.S.D.N.Y.). Compare *Herget v. Central National Bank & Trust Co.*, 324 U. S. 4."

Accordingly the finding for the defendant is ordered set aside and judgment entered for the plaintiff in the sum of $323.00, the amount found due by the trial judge if the plaintiff were entitled to recover for one year prior to the date of the writ.

Kamberg & Berman, for the plaintiff.

Edward L. Donnellan, for the defendant.