BARBARA A. CAMERON, administratrix, *vs.* EDWARD M. SULLIVAN.

Middlesex.    January 3, 1977. — March 8, 1977.

Present: HENNESSEY, C.J., QUIRICO, KAPLAN, WILKINS, & LIACOS, JJ.

*Attorney at Law,* Compensation. *Evidence,* Value of services. *Interest.*

In an action against an attorney to recover money under G. L. c. 221, § 51, a judge did not err in instructing the jury that they could review the reasonableness of a contingent fee agreement even if it was duly executed by the parties and nominally binding on them. [132]

In an action against an attorney to recover money under G. L. c. 221, § 51, the judge did not err in refusing to allow evidence as to the attorney's estimate of the extent of work done on the plaintiff's behalf with respect to a claim on a life insurance policy where the funds withheld resulted from a judgment for the plaintiff as administratrix of her husband's estate and the work on the insurance policy was not chargeable to the estate. [132-133]

In computing the amount due the plaintiff in an action against an attorney under G. L. c. 221, § 51, the proper judgment was the sum of the principal amount found to have been withheld plus fivefold the lawful interest on that amount from the date of the verdict. [133-134]

CONTRACT.    Writ in the Superior Court dated August 10, 1971.

The action was tried before *Connolly,* J.

After review was sought in the Appeals Court, the Su-

preme Judicial Court, on its own initiative, ordered direct appellate review.

*Robert M. Murphy* for the defendant.

*S. George Bromberg* for the plaintiff.

KAPLAN, J.   The plaintiff Barbara A. Cameron, as administratrix of the estate of her husband Alan, brought an action against her attorney Edward M. Sullivan, defendant, based on G. L. c. 221, § 51: "An attorney at law who unreasonably neglects to pay over money collected by him for and in behalf of a client, when demanded by the client, shall forfeit to such client five times the lawful interest of the money from the time of the demand." A jury trial in the Superior Court resulted in a verdict for the plaintiff. The defendant appealed from the ensuing judgment, and the case is here by transfer on our own motion from the Appeals Court.

On October 1, 1965, the plaintiff and her two minor children were involved in a motor vehicle accident. Thereafter, on December 20, her husband was involved in another accident. The defendant was retained to press the claims for damages. On March 20, 1966, the husband died.

On March 30, papers were executed for the appointment of the plaintiff as administratrix. On April 4, the plaintiff, as "mother and next friend" in respect to the first claim, and as administratrix regarding the second claim, entered into a contingent fee agreement with the defendant set out on a printed form (with cross-outs and addenda). This called for "[r]easonable compensation," on the contingency of recovery on each claim, but "not to exceed" thirty-three and one-third per cent of the gross amount collected, with an additional sixteen and two-thirds per cent in the event of a "second trial." A second agreement between the plaintiff, "individually and as admix.," and the defendant, entitled "Non-Contingent Fee Agreement," undated, but probably executed the same day, April 4, stated that the defendant was retained to perform legal services in connection with matters other than the accidents mentioned, including (i) the probate of the hus-

band's estate and sale of his business, (ii) a claim on a $25,000 "Occidental" policy on the husband's life (on which, as the agreement stated, "our hope of success . . . is not great," the company having claimed a lapse), and (iii) a possible claim against the estate arising from an incident on December 17, 1965, when the husband had allegedly struck a pedestrian in yet another motor vehicle accident. The defendant was to receive noncontingent, reasonable compensation for the work (with the agreement that "a minimum hourly rate of $25.00 per hour" was reasonable for other than court appearances), payable "directly to . . . [the defendant] out of the moneys . . ., if any, recovered from . . . [the two matters covered in the contingent fee agreement]."

The defendant attorney, on behalf of the plaintiff as administratrix, commenced an action in the Municipal Court of the Dorchester District to recover for the injuries to the husband which went to trial and resulted in a judgment for $2,875. Appeal was taken to the Superior Court and there, after trial, a judgment for $5,784.75 was achieved in or about April, 1971. The defendant received the avails of the judgment in the form of a check to his order as attorney for the plaintiff as administratrix. This he deposited in a trustee account. He thereupon withdrew the same amount from that account by a check to his own order. He did not notify the plaintiff in writing of his receipt of the money nor did he render bills to the plaintiff for his services. There were telephone calls or other conversations between plaintiff and defendant in which, according to the plaintiff, she made demands but was put off or "pacified"; the defendant's version was that all was repeatedly explained to her, though nothing was put in writing. In any event, the plaintiff has not received any part of the $5,784.75 recovery. The present action was commenced by writ dated August 10, 1971.

To the plaintiff's claim that some substantial fraction of the $5,784.75 had been "unreasonably" withheld, the defendant answered that nothing was owing because, first, he had earned the full fifty per cent of that amount under

the contingent fee agreement as reasonable compensation, and, second, his reasonable compensation for his services on other matters accounted for the balance. On the first point there was conflicting evidence. Experienced lawyers called by the respective parties testified that a fifty per cent contingent fee was, and was not, excessive in the circumstances. As to the other services, it appeared that the defendant had secured the appointment of the plaintiff as administratrix by a Probate Court, had assisted in the sale of the decedent's business or good will for a price of $500, and had had some conversations with creditors of the estate (which, according to the defendant, was insolvent). But on the defendant's own testimony all this consumed no more than about thirty hours; indeed the plaintiff sought to show, with some evident success, that the work was perfunctory. The defendant claimed only four hours applied to the pedestrian's possible claim against the estate.

The judge ruled out an attempt by the defendant to prove some work done on the claim that arose from the accident involving the plaintiff and the children: this belonged under the contingent fee agreement and the contingency of a recovery had not occurred; besides, the work would not have been performed on behalf of the estate, so that the defendant could not justify the deduction of its reasonable value from the $5,784.75 recovery for the estate. Evidence of work done on the Occidental life policy claim (which did not succeed) was also ruled out by the judge as a basis for deduction: it was the plaintiff as an individual who was named as beneficiary of the policy, not the estate. In the end, however, the trial judge specifically instructed the jury that they could consider the evidence that the defendant had done work on the Occidental policy claim as bearing on whether the defendant had a good faith belief that he was entitled to use this as an offset, which might in turn reflect on whether there was unreasonable neglect under G. L. c. 221, § 51.

The jury found a verdict on March 19, 1975, in favor of the plaintiff in the amount of $2,642.38, which with interest

calculated by the jury at thirty per cent per annum from August 10, 1971, came to a total of $5,502.73. The clerk in his tally added ordinary legal interest on the latter amount at six per cent from August 10, 1971, to August 13, 1974, and at eight per cent from August 14, 1974, to March 19, 1975,[1] an amount of $1,256.10.

On the present appeal, the defendant argues that the judge erred in instructing the jury that they could review the reasonableness of the contingent fee agreement even if it was duly executed by the parties and nominally binding on them.[2] The contention is not impressive. The defendant himself began his defense with the introduction of expert testimony about the reasonableness of the terms of the contingent fee agreement. The text of the agreement established reasonableness as the measure, the fifty per cent being a maximum. Moreover, rule 3:14 of the rules of this court (351 Mass. 795 [1967]) envisages a review of reasonableness,[3] as does the law generally applicable to attorney's claims to compensation.[4]

The defendant does not contend here that the value of work done on the Occidental policy claim could figure as a reduction, but he complains that the judge, while allowing the jury to consider the fact of the work done as bearing on the reasonableness of the defendant's withholding,

---

[1] Statute 1974, c. 224, § 2, amending G. L. c. 231, § 6C (as to contract claims), raised the legal rate of interest from six to eight per cent per annum effective on August 14, 1974. See *Porter* v. *Clerk of the Superior Court,* 368 Mass. 116 (1975).

[2] The plaintiff protested at trial that she did not realize she was making an agreement about attorney's fees.

[3] Rule 3:14 (6) states in part: "The reasonableness of a contingent fee agreement shall be subject to review by a court of competent jurisdiction prior to the expiration of one year following the making of the agreement or one year following the date of last rendition of services thereunder." If the date of the Superior Court judgment for injuries to the husband is taken as the date of last rendition of services, the present action was brought within the year. We conceive that "court" includes a court consisting of judge and jury. Cf. *Perkins* v. *Blake,* 3 Mass. App. Ct. 415 (1975).

[4] See *McInerney* v. *Massasoit Greyhound Ass'n,* 359 Mass. 339, 351-354 (1971); *DeSautels, petitioner,* 1 Mass. App. Ct. 787, 793-795 (1974).

did not allow the jury to hear the defendant's estimate of the extent and hence of the value of the work (he claimed 100 hours). It is not clear to us that the particular point was properly made and preserved below, but assuming it was, we are not sympathetic to it and think the judge went to the limit of generosity toward the defendant in instructing the jury as he did. In our view, it would not have been error for the judge to refuse even the instruction he gave, as the work on the Occidental policy was simply not chargeable to the estate,[5] and the defendant, a lawyer long at the Bar, could be supposed to have been able to distinguish the two capacities of the plaintiff. Contrast *Cannon* v. *Fahey*, 327 Mass. 245, 248 (1951). So we need not go on to suggest that evidence of the extent and value of this work, if introduced and fought over at the trial, would lend itself to misuse by the triers as justifying a deduction from the amount otherwise owed to the plaintiff as administratrix.

The defendant objected that, with the addition of the clerk's tally, more than the statutory fivefold interest was being exacted. The judge evidently considered that the sum withheld plus fivefold interest was a recovery in solido which should itself bear interest to the time of verdict, but *Griffiths* v. *Powers*, 216 Mass. 169 (1913), interpreting a predecessor statute, seems to us to speak otherwise.[6] The proper judgment is the sum of the principal amount found, $2,642.38, and only fivefold the "lawful

---

[5] If interpreted to purport to allow such a charge, the "Non-Contingent Fee Agreement" was to that extent unreasonable and also involved an illegality.

[6] Although that statute, like the present, used the word "forfeit," it was conceived in *Griffiths* not to involve a penalty which, in that period of our procedural development, would have necessitated two actions, one action in contract for the amount withheld plus ordinary interest, and a second action in tort to recover the fivefold penalty; moreover, there would have been difficulties about the "survival" of the latter claim in case of the defendant lawyer's death. This court concluded that the action was in contract for the amount withheld with interest at five times the ordinary rate. See *Treasurer & Receiver Gen.* v. *Sheehan*, 288 Mass. 468, 471 (1934); *Vieira* v. *Menino*, 322 Mass. 165, 169 (1947); *Cannon* v. *Fahey*, 327 Mass. 245, 246 (1951). Our result is consonant with *Griffiths*.

interest" on that amount from the date of the writ[7] to the date of the verdict (which was also the date of judgment), recognizing that the rate of such interest was increased from six to eight per cent per annum as from August 14, 1974 (see note 1). As so modified, the judgment appealed from should be affirmed.

*So ordered.*

———

[7] As the date of the breach or demand was uncertain in the present case, interest would be taken to start from the commencement of the action. Cf. G. L. c. 231, § 6C.