van Gestel, J.
The plaintiffs Brown Rudnick Berlack & Israels, LLP (“Brown Rudnick”) and Lieff Cabraser Heiman & Bernstein, LLP (“Lieff Cabraser”) have moved in limine to preclude the Commonwealth of Massachusetts (the “Commonwealth”) from introducing any evidence, testimony or argument at trial concerning the “reasonableness” of the 25% contingent fee in issue. In the alternative, the plaintiffs seek a ruling that any such inquiry “must be limited to circumstances prevailing at the time of contracting.” Further, the plaintiffs request an order that the Commonwealth be prevented from introducing any evidence, testimony or argument concerning how payment of the 25% fee “will impact the public fisc or the financial interests of the people of the Commonwealth.”
The plaintiffs, lawyers suing their client for fees, seem to consider this case a private matter between two contracting parties, with no outside effect or relationship to the reputation and obligations of lawyers to their client, the reputation and respect by the public for its judicial system or the public interest in general relating to attorneys fees in amounts nearing $2 billion to be paid out of the Commonwealth’s treasury. It is not.
Attorneys fee arrangements, whether explicit or implicit, constitute one of those few kinds of contractual arrangements that have an overlay of “reasonableness” superimposed upon them. This overlay is for the benefit of and with respect for the attorney/client relationship — a relationship of exceptional fiduciary obligation running from attorney to client, Opert v. Mellios, 415 Mass. 634, 638 (1993) — and for the good of the judicial system as a whole. The public understanding and respect for these most important relationships demands such a reasonableness overlay. “The courts are not powerless to act in disapproving ... a fee which is plainly unreasonable.” Gagnon v. Shoblom, 409 Mass. 63, 67 (1991).
Contingent fee agreements are just as subject to a reasonableness requirement as any other arrangement between an attorney and his or her client. Snow v. Mikenas, 373 Mass. 809, 812 (1977). They are of special concern to courts and are subject to strict judicial supervision. Boston and Maine Corp. v. Sheehan, Phinney, Bass & Green, P.A., 778 F.2d 890 (1st Cir. 1985).
The criteria for reasonableness in an attorneys fee include, but clearly are not limited to, the following.
*815 1. The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
2. The likelihood, if apparent to the client, that the acceptance of the particular engagement will preclude other employment by the lawyer;
3. The fee customarily charged in the locality for similar legal services;
4. The amount involved and the results obtained;
5. The time limitations imposed by the client or by the circumstances;
6. The nature and length of the professional relationship with the client;
7. The experience, reputation, and ability of the lawyer or lawyers performing the services; and
8. Whether the fee is fixed or contingent.
Matter of Fordham, 423 Mass. 481, 485-86 (1996). See also Cummings v. National Shawmut Bank of Boston, 284 Mass. 563, 569 (1934).
Under the foregoing criteria, reasonableness must, of logical necessity, be measured on at least two occasions: first, when the contingent fee agreement is reached or executed; and second, when the product of the agreement — settlement or judgment — is achieved.
In a case like the present, “reasonableness” is not a matter of public policy, but rather a matter relating to the agreement and its results which can, and should, be measured by a jury on proper instructions by the Court. See, e.g., Guenard v. Burke, 387 Mass. 802, 808 (1982); Cameron v. Sullivan, 372 Mass. 128, 132 n.3 (1977).
Further, the jury may properly be guided on matters relating to the issue of the kind of reasonableness in consideration by expert testimony, much like that which regularly applies to attorney and other malpractice claims.
Still further, in some instances, the effect on the client of the fee in issue is an element appropriate for consideration. Here, the effect upon at least three vexy important relationships or situations is in play: the relationship between an attorney and a client; the reputation and confidence of the public in its judicial system; and the consequences to the public fisc.
ORDER
For the foregoing reasons, the Plaintiffs’ Motion In Limine Regarding “Reasonableness” (Paper #117) is DENIED.